MICHAEL LENNEN, ET AL. *v.* C. FITZPATRICK, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—518.]

**Creditor's Claim as Against Wife's Alimony.**

Where a husband has paid for property by borrowing money, and he and his wife separate, the wife should not be allowed all the

property for the support of her family and herself, to the exclusion of a bona fide claim of the creditor who loaned the money to the husband to improve such property.

## APPEAL FROM WARREN CIRCUIT COURT.

### January 22, 1885.

OPINION BY JUDGE PRYOR:

While the remnant of property owned by Fitzpatrick at the time he separated from his wife may not be more than sufficient to support her and the children there are equitable considerations addressing themselves to the chancellor in behalf of the appellant Lennen. He also had a family of children. The few hundred dollars loaned Fitzpatrick constituted the bulk of his estate. His money was invested in improving the property the title to which was in the wife of Fitzpatrick, and, not only so, he had invested in improving it as much as three thousand dollars of his own means with a view of anticipating the claims that might be brought against him. While there is some discrepancy in the testimony as to the time the property in controversy was improved, Fitzpatrick stating that it was in 1866 or 1867 and the money was not loaned until 1867 and 1868, still he says that it was invested in this improvement and he is nowhere contradicted except as to the dates of the transaction. He seems to be hostile to his wife and wants the appellant paid. Whether this is from bad feeling towards her or from a sense of justice to Lennen is not necessary to inquire. It is not shown that the wife of her own means expended one dollar for the property, or any sum whatever in improving it, and the proof of the husband is that he paid all the money that was paid, and in improvements as much as three thousand dollars out of his own means, a part of which was the money borrowed from Lennen. He may be mistaken as to the date of the improvement and this is the only discrepancy in his statement. Where then did the money come from with which this property was improved? The wife fails to show that she advanced any of the money and the husband swears that he paid it all, and stands uncontradicted. In such a state of case the wife ought not to be allowed to enjoy the expenditures made by the husband at the expense of creditors whose money contributed to improve this

property. She may need the property for her own support, and Lennen may need his money .for his, still such questions will not control the chancellor. If these improvements were made by the husband and Lennen's money loaned him was applied for that purpose he should be repaid.

The store rooms below should be rented out and the proceeds applied to the payment of Lennen's debt and interest. The cause is remanded for that purpose.

Judgment *reversed* for proceedings consistent with this opinion.

*B. F. Procter, E. W. Hines, for appellants.*

*Mitchell & DuBose, for appellees.*